**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYNNE A. BUI,<br><br>        Plaintiff,<br><br>  v.<br><br>GOLDEN BIOTECHNOLOGY<br>CORPORATION, a New Jersey Corporation,<br>and GOLDEN BIOTECHNOLOGY<br>CORPORATION, a Taiwan Corporation,<br><br>        Defendants. | Case No.: 5:13-CV-04939-EJD<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br><br>**[Re: Docket No. 30]** |

Presently before the Court is Defendants Golden Biotechnology Corporation, a New Jersey Corporation ("GBC New Jersey") and Golden Biotechnology Corporation, a Taiwan Corporation's ("GBC Taiwan") (collectively, "Defendants") Motion to Dismiss Plaintiff Lynne A. Bui's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).  Docket Item No. 30.  The Court has subject matter jurisdiction pursuant to 20 U.S.C. § 1332.  Per Civil Local Rule 7-1(b), the Court finds the matter suitable for decision without oral argument.  Having fully reviewed the parties' briefing and for the following reasons, the Court GRANTS Defendants' Motion.  The hearing scheduled for August 22, 2014 is VACATED.

## I.      Background

This action involves an employment agreement between GBC New Jersey and Plaintiff.  Plaintiff resides in Santa Clara, California.  Pl.'s Compl. 1, Docket Item No. 1.  Plaintiff is a

1    licensed physician who owns and operates a medical clinic in Santa Clara and is involved in the

2    treatment of cancer patients.  Id. at 2.  GBC New Jersey is a U.S. subsidiary of GBC Taiwan.  Id. at

3    3.  GBC Taiwan is a Taiwanese corporation, founded in 2002 to develop drugs for purposes

4    including the treatment of cancer and atherosclerosis.  Decl. of Alex Liu ("Liu Decl.") ¶ 3, Docket

5    Item No. 30-1.  GBC Taiwan subsequently formed GBC New Jersey to headquarter its efforts to

6    enter the U.S. market.  Id. ¶ 4.  GBC New Jersey maintains one office in Jersey City, New Jersey.

7    Id. ¶ 5.  Neither GBC Taiwan nor GBC New Jersey has sold or marketed any product in the U.S.

8    See id. ¶ 6.

9            Around January 28, 2013, Plaintiff entered a two-year employment agreement with GBC

10   New Jersey to serve as GBC New Jersey's chief medical officer.  Pl.'s First Am. Compl. Ex. A at

11   1, Docket Item No. 21 (Employment Agreement).  Five months later, due to an unexpected lack of

12   funding, GBC New Jersey terminated Plaintiff's employment; Plaintiff advised GBC New Jersey

13   that doing so would constitute a breach of the employment agreement.  Pl.'s Compl. at 4, Dkt. No.

14   1.  Two weeks later, GBC New Jersey sent Plaintiff a letter stating that her termination was due to

15   the "unsatisfactory results of [her] project proceeding and job duty performance."  Id.

16           On October 24, 2013, Plaintiff filed a Complaint alleging a breach of contract against GBC

17   New Jersey.  Pl.'s Compl. at 1, Dkt. No. 1.  On March 31, 2014, Plaintiff filed a First Amended

18   Complaint, adding GBC Taiwan as a defendant to the action on the basis that GBC New Jersey

19   served as the alter ego of GBC Taiwan.  See Dkt. No. 21.  On April 24, 2014, Defendants filed the

20   instant Motion to Dismiss the Amended Complaint for a lack of personal jurisdiction, pursuant to

21   Federal Rule of Civil Procedure 12(b)(2).  Dkt. No. 30.

22   **II.    Legal Standard**

23           Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss when

24   there is a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  There are two limitations that

25   restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the

26   constitutional principles of due process and the applicable state personal jurisdiction rule.  Sher v.

27   Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990).  The Ninth Circuit has held that because

28

2

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

California's personal jurisdictional rule is "co-extensive with the outer limits of due process," personal jurisdictional inquiries under California law are constrained solely by constitutional principles. Id. at 1360–61; Cal. Civ. Proc. Code § 410.10.

The Supreme Court has held that constitutional due process is met when a nonresident defendant has sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In applying the minimum contacts analysis, a court may exercise either general or specific jurisdiction over a nonresident defendant. Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001). When the defendant's activities in the forum state are substantial, continuous and systematic, a court may exercise general jurisdiction over the defendant, even if the cause of action is unrelated to defendant's contacts with the forum. Id. at 923. A defendant may also be subject to specific jurisdiction if the defendant "has sufficient contacts with the forum state in relation to the cause of action." Sher, 911 F.2d at 1361 (citations omitted).

When faced with a personal jurisdiction challenge by the defendant, the plaintiff bears the burden of proof to show that jurisdiction is appropriate. Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010). When a motion to dismiss is based on written materials without an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts. Id. In this context, a prima facie showing means that the plaintiff has produced sufficient admissible evidence, that if believed, would establish personal jurisdiction. China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes, No. 05-CV-1793-JW, 2005 WL 1513153, at *1 (N.D. Cal. June 27, 2005) (citations omitted). The Ninth Circuit has also held that a district court shall accept as true uncontroverted allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Love, 611 F.3d at 608; Sher, 911 F.2d at 1361. In doing so however, the court need not assume the truth of mere conclusory allegations. China Tech. Global Corp., 2005 WL 1513153, at *1 (citing Nicosia v. De Rooy, 72 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999)).

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    Discussion

GBC Taiwan moves for dismissal on the basis that personal jurisdiction is improper in California because Plaintiff cannot establish either general or specific jurisdiction over GBC Taiwan.  Def.'s Mot. to Dismiss Am. Compl. at 3–4, Dkt. No. 30.  In response, Plaintiff puts forth two arguments in her Opposition, that (1) because GBC New Jersey is either an alter ego or agent of GBC Taiwan, GBC New Jersey's failure to challenge personal jurisdiction constitutes a waiver that may be imputed to GBC Taiwan; and (2) GBC Taiwan has sufficient minimum contacts with California to support personal jurisdiction.  See Pl.'s Opp'n to Mot. to Dismiss Am. Compl., Docket Item No. 33.  The Court turns to both arguments.

#### a.   Whether GBC New Jersey's Waiver may be Imputed to GBC Taiwan

The Ninth Circuit has recognized that because "directors and officers holding positions with a parent [company] and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership," a parent's mere ownership of a subsidiary does not confer personal jurisdiction over the parent.  Unocal Corp., 248 F.3d at 925–26 (citing United States v. Bestfoods, 524 U.S. 51, 69 (1998)).  A parent may be involved in its subsidiary's activities to the extent a "parent investor status" is maintained, which may include monitoring the subsidiary's performance, supervising the subsidiary's finance and capital budget decisions, and articulating general policies and procedures of the subsidiary.  Unocal Corp., 248 F.3d at 926 (citing Bestfoods, 524 U.S. at 72).  The Ninth Circuit has held that a subsidiary's contacts may be imputed to the parent either when the alter ego exception is met, or when an agency relationship exists between the parent and subsidiary.  Unocal Corp., 248 F.3d at 926.

#### i.   Whether GBC New Jersey is an Alter Ego of GBC Taiwan

Plaintiff alleges that because GBC New Jersey is an alter ego of GBC Taiwan, GBC New Jersey's failure to challenge personal jurisdiction is imputed to GBC Taiwan, effectively waiving GBC Taiwan's rights to raise a jurisdictional challenge.  Pl.'s First Am. Compl., Dkt. No. 21. When alleging an alter ego exception, the plaintiff must prove "(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist[,] and (2)

4

United States District Court
For the Northern District of California

1   that failure to disregard their separate entities would result in fraud or injustice." Unocal Corp.,

2   248 F.3d at 926 (citing Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591

3   (9th Cir. 1996)).  As to the first prong, a plaintiff must show that the parent company exercises

4   such high degree of control that the subsidiary is reduced to "mere instrumentality." Unocal Corp.,

5   248 F.3d at 926 (citations omitted).  This prong may be satisfied when a parent uses the subsidiary

6   "as a marketing conduit" to shield itself from liability, when the parent dictates every facet of the

7   subsidiary's daily operations, or when the subsidiary is undercapitalized. Id. at 926–27 (citations

8   omitted).  This is a difficult burden for a plaintiff to overcome.  In Unocal Corp., the Ninth Circuit

9   held that the plaintiff failed to make a sufficient showing of an alter ego exception, even when the

10   plaintiff alleged that (1) the parent was involved in its subsidiaries' divestments and capital

11   expenditures, (2) the parent formulated general business policies and strategies of its subsidiaries,

12   (3) the parent provided loans and financing to its subsidiaries, (4) the parent maintained

13   overlapping directors and officers with its subsidiaries, and that (5) the subsidiaries were

14   undercapitalized. Id. at 927.

15        Looking at the first prong in this case, Plaintiff argues that a unity of interest and ownership

16   exists mainly because GBC Taiwan exercised a high degree of control in the management of GBC

17   New Jersey.  Specifically, Plaintiff alleges that Alex Liu, the chief executive officer and chairman

18   of GBC Taiwan initiated contact, solicited employment, and negotiated Plaintiff's employment

19   terms and responsibilities, and that throughout employment, Plaintiff reported to Mr. Liu and

20   received support from Charles Wang, the vice president of GBC Taiwan.  Pl.'s Opp'n to Mot. to

21   Dismiss Am. Compl. at 4–5, Dkt. No. 33.  Even though Mr. Liu serves as chief executive officer

22   and chairman to both GBC New Jersey and GBC Taiwan, Ninth Circuit precedent has firmly

23   allowed officers holding positions with both a parent and its subsidiary to "change hats," i.e.,

24   separately represent the corporations.  Liu Decl. ¶ 1, 8, Dkt. No. 30-1; Unocal Corp., 248 F.3d at

25   925–26 (citations omitted).  A review of the employment agreement at issue shows that the

26   agreement explicitly states that the agreement is between GBC New Jersey and Plaintiff; there is

27   no mention of GBC Taiwan or the term "Taiwan" in the agreement.  Pl.'s First Am. Compl. Ex. A

28

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    at 1, Dkt. No. 21 (Employment Agreement).  Similar to the plaintiff's failure to present evidence

2    that the parent corporation dictated the daily operations of its domestic subsidiary in Unocal Corp.,

3    Plaintiff here has not presented evidence that GBC Taiwan dictates the daily operations of GBC

4    New Jersey, but rather has only provided a conclusory statement alleging that GBC Taiwan

5    "dictates every facet of [GBC New Jersey's] business—from broad policy decisions to routine

6    matters of day-to-day."  Pl.'s First Am. Compl. at 5, Dkt. No. 21.  Further, although Plaintiff

7    alleges that GBC New Jersey is undercapitalized, Plaintiff has provided no support for the

8    proposition.  See Pl.'s First Am. Compl. at 6, Dkt. No. 21; Pl.'s Opp'n to Mot. to Dismiss Am.

9    Compl. at 4–6, Dkt. No. 33.  While a district court draws all reasonable inferences in favor of the

10   plaintiff when determining a motion to dismiss, the court need not assume mere conclusory

11   allegations to be true.  Sher, 911 F.2d at 1361; Nicosia, 72 F. Supp. 2d at 1097.  The Court thus

12   finds that Plaintiff has not satisfied the first prong of the alter ego exception.  The Court also notes

13   that Plaintiff did not discuss the Ninth Circuit's second prong of the alter ego exception test—that

14   failure to disregard separate entities of the parent and subsidiary would result in fraud or injustice.

15   See Pl.'s Opp'n to Mot. to Dismiss Am. Compl. at 4–6, Dkt. No. 33.  Accordingly, Plaintiff has not

16   established that GBC New Jersey is the alter ego of GBC Taiwan and GBC New Jersey's failure to

17   challenge personal jurisdiction may therefore not be imputed to GBC Taiwan on this basis.

### ii.  Whether GBC New Jersey is an Agent of GBC Taiwan

19       The Ninth Circuit has set forth a two-prong test to determine whether an agency

20   relationship exists between a parent and its subsidiary.  First, the plaintiff must show that the

21   subsidiary "performs services that are sufficiently important to the foreign [parent] corporation that

22   if it did not have a representative to perform them, the [parent] corporation's own officials would

23   undertake to perform substantially similar services."  United States v. Pangang Grp. Co., Ltd., 879

24   F. Supp. 2d 1052, 1058 (N.D. Cal. 2012) (citing Bauman v. DaimlerChrysler Corp., 644 F.3d 909,

25   920–21 (9th Cir. 2011), rev'd on other grounds by Daimler AG v. Bauman, 134 S. Ct. 746 (2014)).

26   Second, the plaintiff must show that the parent exercises a measure of control over the subsidiary.

27   Pangang Grp. Co., 879 F. Supp. 2d at 1059.  Here, Plaintiff has not presented a prima facie case

28

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    that GBC New Jersey is an agent of GBC Taiwan because Plaintiff has merely alleged in a

2    conclusory and concise manner without additional factual allegations, that but for the existence of

3    GBC New Jersey, GBC Taiwan would have performed the activities and carried out its plans for

4    clinical trials and FDA approval in the U.S.  Pl.'s Opp'n to Mot. to Dismiss Am. Compl. at 6, Dkt.

5    No. 33.  The main reason GBC Taiwan formed GBC New Jersey was to headquarter its efforts to

6    enter the U.S. market.  Liu Decl. ¶ 4, Dkt. No. 30-1.  Accordingly, the Court finds that because

7    Plaintiff has not made a sufficient showing that GBC New Jersey is an agent of GBC Taiwan, GBC

8    New Jersey's failure to challenge personal jurisdiction may not be imputed to GBC Taiwan.

9              **b.  Whether GBC Taiwan has Sufficient Minimum Contacts with California**

10          Plaintiff also alleges that GBC Taiwan has sufficient minimum contacts with California to

11    support personal jurisdiction.  See Pl.'s Opp'n to Mot. to Dismiss Am. Compl. at 5, 7–8, Dkt. No.

12    33.  The Ninth Circuit has held that personal jurisdiction inquiries under California law are co-

13    extensive with the constitutional principles of due process.  Sher, 911 F.2d at 1360–61; Cal. Civ.

14    Proc. Code § 410.10.  Constitutional due process is met when the nonresident defendant has

15    sufficient minimum contacts with the forum state.  Int'l Shoe Co., 326 U.S. at 316.  In assessing a

16    nonresident defendant's minimum contacts, a court may exercise either general or specific

17    jurisdiction over the defendant.  Unocal Corp., 248 F.3d at 923.

18              **i.  General Jurisdiction**

19          The parties do not appear to seriously dispute that this Court does not have general

20    jurisdiction over GBC Taiwan, as Plaintiff has not countered with arguments in response to

21    Defendants' argument that no grounds exist for general jurisdiction over GBC Taiwan.  See Pl.'s

22    Opp'n to Mot. to Dismiss Am. Compl., Dkt. No. 33; Def.'s Mot. to Dismiss Am. Compl. at 4, Dkt.

23    No. 30.  The Ninth Circuit has held that general jurisdiction applies only when a defendant's

24    contacts with California are "continuous and systematic" to the point the contacts "appropriate

25    physical presence," allowing the defendant to be haled into court for any action.  King v. Am.

26    Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (citations omitted).  Without more,

27    Plaintiff's arguments do not meet this burden to establish general jurisdiction.

28

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

### ii. Specific Jurisdiction

The Supreme Court has held that a court may exercise specific personal jurisdiction over a defendant when the suit "arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not offend 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (citations omitted). The Ninth Circuit has established a three-part test to determine specific jurisdiction: (1) the defendant must purposefully direct his activities to the forum or to a resident thereof, or must purposefully avail himself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws; (2) the claim must arise out of or relate to defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011) (citations omitted). If a plaintiff meets the first two prongs, the burden shifts to the defendant in the third prong to make a compelling showing that an exercise of jurisdiction is unreasonable. Id.

### 1. Purposeful Availment

The first prong refers to methods of purposeful availment and purposeful direction. A court typically applies a "purposeful availment" analysis in cases of contract dispute, asking whether the defendant has "performed some kind of affirmative conduct which allows or promotes the transaction of business within the forum state." Id. at 1077 (citations omitted); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802–03 (9th Cir. 2004). In cases of tortious conduct, a court typically applies a "purposeful direction" analysis, considering the effects of the defendant's conduct. Schwarzenegger, 374 F.3d at 802–03. Here, because Plaintiff's sole cause of action goes to an alleged breach of contract, the Court will apply a purposeful availment analysis.

Generally, a contract in and of itself does not establish minimum contacts with a forum state. Burger King, 471 U.S. at 478. A court must consider factors surrounding the contract, such as whether there were any prior negotiations and contemplated future consequences, the terms of the contract, and the parties' course of dealings. Id. at 478–79. In Unocal Corp., the Ninth Circuit determined that the contacts between the parent and its subsidiary were insufficient to constitute

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1   purposeful availment of the benefits and protections of California because (1) the contracts were

2   entered through negotiations by fax, phone, or meetings in Asia, France and Bermuda, (2) the

3   contract specified that the law of England, Bermuda or Burma was the governing law, and (3) all

4   contracts made no mention of California.  248 F.3d at 924 (citing to <u>McGlinchy v. Shell Chemical</u>

5   <u>Co.</u>, 845 F.2d 802, 816 (9th Cir. 1988)).  Here, Plaintiff alleges GBC Taiwan demonstrated

6   purposeful availment by seeking out Plaintiff, a doctor licensed in and educated by California, who

7   owned and operated a business of providing services to support clinical trials for cancer patients in

8   California.  Pl.'s Opp'n to Mot. to Dismiss Am. Compl., Dkt. No. 33.  Similar to <u>Unocal Corp.</u>,

9   Plaintiff's employment agreement at issue was negotiated and entered through phone and largely

10  email.  Decl. of Lynne A. Bui ("Bui Decl.") in Opp'n to Mot. to Dismiss Attach. 1, Docket Item

11  No. 33-1.  The employment agreement makes no mention of GBC Taiwan but rather, explicitly

12  states that the agreement is between GBC New Jersey and Plaintiff, and further specifies that the

13  applicable governing law is the law of New Jersey.  Pl's First Am. Compl. Ex. A at 1, 3, Dkt. No.

14  21.  None of the "major job duties" defined in the agreement require Plaintiff to perform her duties

15  in California; the agreement merely specifies that Plaintiff is employed as "the [c]hief [m]edical

16  [d]octor in [the] United States."  <u>Id.</u> Ex. A at 1.  Finally, in performing Plaintiff's employment

17  duties, neither GBC New Jersey nor GBC Taiwan utilized a clinic owned or operated by Plaintiff.

18  Liu Decl. in Reply to Pl.'s Opp'n ¶ 9, Docket Item No. 35.  Accordingly, in considering the factors

19  surrounding the employment agreement, the Court finds that the parties' course of dealings, prior

20  negotiations, the contract terms, and contemplated future consequences do not show that GBC

21  Taiwan's contacts with California constituted purposeful availment.

22              **2.   Claims Arising Out of, or Related to Forum Activities**

23          Turning to the second requirement for specific jurisdiction, the Ninth Circuit has applied a

24  "but for test."  <u>Unocal Corp.</u>, 248 F.3d at 924.  Specifically, the court considers whether the

25  plaintiff's claims would have arisen but for the foreign parent corporation's contacts with the

26  forum state.  <u>Id.</u> (citations omitted).  As discussed <u>supra</u>, the Court finds that aside from the fact

27  that Plaintiff happens to reside in California, GBC Taiwan has almost no contacts with California.

28

9

Case No.: 5:13-CV-04939-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    Accordingly, Plaintiff has not satisfied the two-prong requirement to establish specific jurisdiction;

2    the Court will grant the Motion to Dismiss.

3    ### 3.   Reasonableness

4    Turning to the final requirement, because the Court has already found that Plaintiff has not

5    met the Ninth Circuit's required burden in establishing specific jurisdiction, no further analysis is

6    necessary.

7    ## IV.    Plaintiff's Request for Transfer

8    Plaintiff has requested in her Opposition that should the Court determine that personal

9    jurisdiction is lacking, a transfer of the matter to a New Jersey court would be appropriate, pursuant

10   to 28 U.S.C. § 1406(a).  Pl.'s Opp'n to Mot. to Dismiss Am. Compl. at 9, Dkt. No. 33.  Under 28

11   U.S.C. § 1404(a), a district court may transfer any civil matter to any other district or division

12   where it might have been brought, but in doing so, the moving party bears the burden of showing

13   that transfer will serve the purposes of convenience of parties and witnesses, as well as the interests

14   of justice.  Jaffe v. Morgan Stanley & Co., Inc., No. 06-CV-3903-TEH, 2008 WL 2782713, at *1

15   (N.D. Cal. July 16, 2008) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270,

16   279 (9th Cir. 1979)).  Should Plaintiff wish to do so, Plaintiff may file a motion to transfer venue

17   with the Court and make the appropriate showing.

18   ## V.     Conclusion

19   The Defendants' Motion to Dismiss for lack of personal jurisdiction over GBC Taiwan is

20   GRANTED.  For the foregoing reasons, GBC Taiwan is DISMISSED WITHOUT PREJUDICE so

21   that Plaintiff may pursue her claims in the correct forum.  The hearing scheduled for August 22,

22   2014 is VACATED.

23   **IT IS SO ORDERED**

24   Dated: August 14, 2014

25   

26   EDWARD J. DAVILA
     United States District Judge

27

28

10